S06A0258. WILLIAMS et al. v. THE STATE.
(630 SE2d 370)

SEARS, Chief Justice.

Joseph Williams and Carlos Walker were convicted in 1998 of malice murder, armed robbery, burglary, aggravated assault, and related offenses for their roles in the robbery and shooting death of Terrance Griffin.[1] They appeal, arguing that there was insufficient

---

[1] The crimes were committed on January 13, 1998. On April 21, 1998, Williams and Walker were indicted by a Burke County grand jury for malice murder, felony murder, armed robbery, aggravated assault, burglary, and possession of a firearm in the commission of a felony. Williams was also indicted for possession of a firearm by a convicted felon. On October 14, 1998,

evidence to corroborate the testimony of their accomplice. Finding no merit to their contentions, we affirm the convictions.

1. The evidence presented at trial showed that on January 13, 1998, one of Terrance Griffin's friends found him dead in his Burke County home. Griffin had been killed by a single 9-millimeter shot to the chest.

An accomplice to the crimes, Tracy Carter, who had an outstanding warrant against him at the time of the crimes for a previous robbery of Griffin, turned himself in shortly after the murder. He testified at trial that on the night in question, the accomplices, including Walker, Williams, Carter, Theodore Beard, and another man, concocted a plan to steal drugs from Griffin. The group met in a cotton field near Girard, Georgia, where all the accomplices except Beard got into one car and proceeded to Griffin's house. Beard remained in the cotton field until the others returned.

Carter testified that the accomplices broke into Griffin's home and stole a pair of pants that allegedly contained the drugs they were looking for. Before leaving, one of the men shot Griffin in the chest. The men then drove back to the cotton field. The stolen pants were thrown from the car and later turned over to the police during the investigation.

Williams' uncle, James Johnson, who was a trusty in the jail at the time that Williams was arrested, testified that Williams admitted the murder to him and gave him a note asking him to kill Carter to prevent him from testifying. Another co-defendant, Theodore Beard, testified that he drove with Walker to the rendezvous, a cotton field near Girard, Georgia, where they joined the others, and that he waited at that location until the others returned.

Williams and Walker claim that the evidence was insufficient to sustain their convictions because the only evidence consisted of the uncorroborated testimony of their accomplice, Carter.[2] It is well-settled in this State that to sustain a conviction in a felony case based upon the testimony of an accomplice, "the testimony of [the] accomplice must be corroborated by independent evidence tending to

---

the jury convicted both defendants of all counts, except possession of a firearm by a convicted felon, which was nol prossed. The felony murder convictions were vacated as a matter of law. Both defendants received a life sentence for malice murder, a consecutive life sentence for armed robbery, a consecutive twenty-year sentence for burglary, and a consecutive five-year sentence for possession of a firearm in the commission of a crime. Walker moved for a new trial on October 19, 1998, and Williams did so on October 23, 1998. An amended motion for a new trial was filed on behalf of both defendants on March 11, 2003. A hearing on the amended motion was held on September 25, 2003, and the trial court denied the motion on August 15, 2005. Both defendants filed a timely notice of appeal. The appeal was docketed in this Court on October 12, 2005, and submitted on the briefs on December 5, 2005.

[2] OCGA § 24-4-8 (in "felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient [to establish a fact]").

connect the accused with the crime or leading to an inference that the accused is guilty."[3] "Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict."[4] An examination of the evidence presented during this trial shows that the State introduced sufficient corroborating evidence to sustain the convictions.

With respect to Williams, the evidence is plainly sufficient because Johnson, who was not an accomplice to the crimes at issue, testified that Williams had admitted killing Griffin. A note from Williams to Johnson was also introduced, showing Williams' desire to kill Carter to prevent him from testifying. Accordingly, there was sufficient evidence introduced to corroborate Carter's testimony, and reviewing the evidence in the light most favorable to the jury's verdict, we find that there was sufficient evidence for a rational trier of fact to find Williams guilty of the crimes for which he was convicted.[5]

With respect to Walker, the evidence is also sufficient to corroborate the testimony of his accomplice. The testimony of one accomplice may be used to corroborate that of another,[6] which is precisely what occurred in this case when Beard testified regarding the meeting at the rendezvous spot before and after the crime. " '[S]ufficient corroboration may consist of either direct or circumstantial evidence which connects the defendant with the crime, tends to show his participation therein, and would justify an inference of the guilt of the accused independently of the testimony of the accomplice.' "[7] Beard testified that the co-defendants, including Walker, met in the cotton field in Girard, Georgia, that the group had planned a robbery, that everyone but Beard left in one car to commit the robbery, and that the entire group returned to the cotton field after the crime and left in two cars. Although Walker attacks Beard's credibility, Beard's testimony tends to show Walker's participation in the crime, and "whether the corroborating evidence [was] sufficient is a matter for the jury."[8] Accordingly, reviewing the evidence in the light most favorable to the jury's verdict, we find that there was sufficient evidence for a rational trier of fact to find Walker guilty of the crimes for which he was convicted.[9]

---

[3] *Carter v. State*, 237 Ga. 617, 618 (229 SE2d 411) (1976).

[4] *Myers v. State*, 260 Ga. 412, 413 (3) (395 SE2d 811) (1990).

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[6] *Parkerson v. State*, 265 Ga. 438, 439 (457 SE2d 667) (1995).

[7] *Gunter v. State*, 243 Ga. 651, 655 (256 SE2d 341) (1979) (quoting *Haire v. State*, 89 Ga. App. 629 (1) (80 SE2d 497) (1954)).

[8] *Hewitt v. State*, 277 Ga. 327, 329 (588 SE2d 722) (2003).

[9] *Jackson*, 443 U. S. at 307.

2. Williams argues that the trial court abused its discretion by admitting the note Williams gave to Johnson, while he was in jail, that asked Johnson to help Williams kill Carter to prevent him from testifying. Williams claims that the note was not properly authenticated because there was no handwriting evidence introduced to prove that Williams in fact authored the note.

Handwriting evidence is not required in every case, however, so long as there is other evidence, circumstantial or otherwise, to make a prima facie showing of authenticity.[10] In this case, Johnson testified that Williams threw the note at him while Johnson was near Williams' cell, and that the note was consistent with prior conversations between Williams and Johnson. The note was addressed to "C-dog," which was Johnson's nickname. Johnson, who was not an accomplice in the case, turned the note over to the sheriff. This evidence plainly authenticates the writing, and it was not error for the trial court to admit the note.

3. Walker argues that the trial court abused its discretion by denying his motion to sever his trial from that of co-defendant Williams. Walker claims that his conviction was a result of the prejudicial spillover effect of Johnson's testimony regarding the jailhouse admissions of Williams.[11] Walker has failed to show that the trial court's refusal to sever the trial caused him prejudice or deprived him of due process.[12]

> The following factors must be considered by a trial court when exercising its discretion in regard to a motion to sever in a case in which the death penalty is not sought. "(1) Will the number of defendants create confusion as to the law and evidence applicable to each? (2) Is there a danger that admissible evidence against one defendant will be considered against the other despite the court's instructions? (3) Are the defenses antagonistic to each other or to each other's rights?"[13]

In this case, Walker has failed to show that the trial court abused its discretion in its analysis of these factors. There has been no showing whatsoever regarding any confusion engendered by the

---

[10] *State v. Smith*, 246 Ga. 129 (269 SE2d 21) (1980); see also *Johnson v. State*, 273 Ga. 872, 873 (548 SE2d 292) (2001) (not error to admit letter without testimony of handwriting expert where other evidence indicated authenticity of writing).

[11] *Price v. State*, 155 Ga. App. 844, 846 (273 SE2d 225) (1980).

[12] *Moss v. State*, 275 Ga. 96, 97 (561 SE2d 382) (2002).

[13] *Howard v. State*, 279 Ga. 166, 171 (611 SE2d 3) (2005) (quoting *Kelley v. State*, 248 Ga. 133, 135 (281 SE2d 589) (1981)).

number of defendants or the law, and the defenses by Walker and Williams were not antagonistic. The only evidence Walker complains about is Johnson's testimony regarding his jailhouse conversations with Williams. Johnson's testimony makes it clear, however, that he only discussed the case with Williams and that they only discussed Williams' involvement in the case. Walker was not mentioned at all during Johnson's testimony, nor was he mentioned in the note from Williams to Johnson. Walker has failed to show that he suffered any prejudice or denial of due process by the joint trial.[14]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 8, 2006 —
RECONSIDERATION DENIED JUNE 12, 2006.

*Susan A. Welch, Barbara B. Claridge*, for appellants.
*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.

---

[14] *Felder v. State*, 270 Ga. 641, 644 (514 SE2d 416) (1999); *Linares v. State*, 266 Ga. 812, 815 (471 SE2d 208) (1996).