A07A1953. TRAN v. THE STATE.
(656 SE2d 229)

RUFFIN, Judge.

Following a jury trial, Vu Tran was found guilty of possessing a controlled substance with the intent to distribute.[1] In this out-of-time appeal, Tran challenges the sufficiency of the evidence and further contends that the trial court erred in refusing to charge the jury as to the lesser included charge of simple possession.[2] He also alleges that he received ineffective assistance of counsel. For reasons that follow, we affirm.

On appeal from a criminal conviction, we view the evidence in a light favorable to the verdict, and Tran no longer enjoys a presumption of innocence.[3] We neither weigh the evidence nor resolve issues of witness credibility, but determine only whether the evidence was sufficient to allow a rational trier of fact to find the accused guilty beyond a reasonable doubt.[4]

So viewed, the evidence shows that a confidential informant advised the Savannah-Chatham Metropolitan Police Department that he had arranged to buy drugs from an individual at 3:00 p.m. on April 20, 2004, in the parking lot of a restaurant. The informant racially identified the male involved in the transaction and indicated that he would be driving a maroon Toyota Tundra. The police set up surveillance at the restaurant, where they observed Tran drive a maroon Toyota Tundra into the restaurant parking lot at approximately 3:15 p.m. on April 20. One of the officers saw Tran reach through the back window of the vehicle and place a paper bag into the truck bed. The police instructed Tran to exit the vehicle, and they placed him in a patrol car. After the K-9 unit arrived at the scene, the dog alerted on the truck. The police searched the vehicle and found

---

[1] The jury found Tran not guilty of possessing tools for the commission of a crime.

[2] Tran failed to number the pages of his appellate brief. Counsel is reminded that Court of Appeals Rule 24 (e) requires that "[t]he pages of each brief shall be sequentially numbered with Arabic numerals."

[3] See *McGee v. State*, 287 Ga. App. 460 (651 SE2d 546) (2007).

[4] See id.

$2,420 in cash over the visor, razor blades, plastic baggies, and a scale in a compartment under the seat, and two sandwich bags with ten pills each in a bag in the bed of the truck. The pills tested positive for 3, 4-methylenedioxymethamphetamine ("MDMA" or "Ecstasy").

At trial, the State offered evidence that the Ecstasy seized had a street value of approximately $500, an amount consistent with distribution. Tran testified and admitted that the cash, razor blades, sandwich bags, and scale were his, but denied ownership or possession of the drugs.

1. Tran's challenge to the sufficiency of the evidence is without merit. The items recovered from his vehicle, including Ecstasy with a street value of $500, $2,420 in cash, sandwich bags, a scale, and razor blades, combined with the officer's testimony that the amount of Ecstasy recovered was consistent with distribution, were sufficient to support his conviction for possession with the intent to distribute.[5]

2. Tran alleges that the trial court erred in failing to charge the jury on the lesser included offense of simple possession of a controlled offense. We find no error.

Tran did not submit a written request for a charge on simple possession. During deliberations, the jury wrote a note to the trial court that asked: "Can the charge of possession with intent to distribute be reduced to a possession charge [with] no intent to distribute?" The trial court responded, "[N]o[,] it cannot be. You have to make a decision whether or not you think the evidence authorizes a conviction or not based on this one charge . . . [a]nd there is no lesser charge." Defense counsel did not comment on the jurors' question, nor did he object to the trial court's response.

"A trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request to so charge."[6] Therefore, because Tran failed to present a written request for a jury instruction on simple possession, the trial court did not err in refusing to charge the jury with that offense.[7]

3. Tran further contends that trial counsel was ineffective in failing to request the lesser included charge of simple possession and to reserve objections to the charge as given. We disagree.

---

[5] See *Lipsey v. State*, 287 Ga. App. 835, 836 (1) (652 SE2d 870) (2007) (amount of cocaine and digital scale support conviction for possession with the intent to distribute); *Beck v. State*, 286 Ga. App. 553, 554-555 (1) (a) (650 SE2d 728) (2007) (evidence sufficient to support conviction for possession with the intent to distribute where defendant made a controlled buy from a confidential informant and police seized drugs, plastic sandwich bags, scales, and cash); *Copeland v. State*, 273 Ga. App. 850, 853-854 (2) (616 SE2d 189) (2005) (scale, small plastic baggies, cash, and 1.5 grams of cocaine provide sufficient evidence of possession with the intent to distribute); *Jackson v. State*, 251 Ga. App. 781, 783 (2) (a) (555 SE2d 136) (2001).

[6] (Punctuation omitted.) *Jones v. State*, 271 Ga. 516, 517 (2) (520 SE2d 454) (1999).

[7] See id.

To establish an ineffective assistance claim, Tran must show both that his trial counsel's performance was deficient and that he was prejudiced by the alleged deficiency.[8] We affirm a trial court's ruling on a claim of ineffective assistance of counsel unless that ruling is clearly erroneous.[9]

As set forth above, Tran testified at trial and denied possessing the drugs. And as we have previously held, trial counsel's decision not to request a jury instruction for a lesser included offense in order to pursue an "all or nothing defense" can constitute a matter of trial strategy that does not amount to ineffective assistance of counsel.[10] Here, post-trial counsel chose not to present the testimony of Tran's trial attorney at the hearing on the motion for new trial. Therefore, "because his trial attorney did not testify on the motion for new trial, [Tran] made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy."[11] Thus, the trial court did not err in denying Tran's motion for new trial based upon ineffective assistance of counsel.[12]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED JANUARY 4, 2008.

*Richard M. Darden,* for appellant.
*Spencer Lawton, Jr., District Attorney, Arvo H. Henifin, Assistant District Attorney,* for appellee.

---

[8] See *Jenkins v. State,* 279 Ga. App. 897, 899 (2) (633 SE2d 61) (2006).

[9] See *Giddens v. State,* 276 Ga. App. 353, 356 (3) (623 SE2d 204) (2005).

[10] See *Ojemuyiwa v. State,* 285 Ga. App. 617, 624 (5) (b) (647 SE2d 598) (2007); *Duvall v. State,* 273 Ga. App. 143, 147 (3) (g) (614 SE2d 234) (2005); *Benefield v. State,* 253 Ga. App. 14, 15-16 (3) (a) (557 SE2d 476) (2001); *Bogan v. State,* 249 Ga. App. 242, 245 (2) (c) (547 SE2d 326) (2001).

[11] (Punctuation omitted.) *Winfrey v. State,* 286 Ga. App. 450, 455 (6) (c) (649 SE2d 561) (2007).

[12] See *Duvall,* supra.