## A07A2119. GOLDEY v. THE STATE.
### (656 SE2d 549)

JOHNSON, Presiding Judge.

Pursuant to a jury trial, Howard Goldey, Sr., was convicted of child molestation, enticing a child for indecent purposes and exhibiting pornography to a minor. Goldey appeals, challenging the admission of evidence of a catheter found in his home and the effectiveness of his trial counsel. The challenges are without merit, and we therefore affirm Goldey's convictions.

Viewed in favor of the verdict,[1] the evidence presented at trial shows that in 2003, seventy-three-year-old Goldey and his wife lived next door to a seven-year-old girl and her parents. The girl often went to Goldey's home, where he allowed her to play on a computer and watch television in his bedroom. Goldey gave the child gifts, including candy, jewelry and a cell phone. He and the girl communicated through notes and other items left in a birdhouse located between their houses. The notes were often written in a secret code whereby numbers were substituted for letters.

Goldey paid the girl to stand in her bedroom window either naked or in her underwear, giving her $2 if he saw her nude and $1 if he saw her in her underwear. He once showed her a movie in his bedroom which depicted a woman performing oral sex on a man. On more than one occasion, Goldey touched the girl between her legs, underneath her clothing and underwear. He asked her to touch him between the legs, but she refused.

1. Goldey contends that the trial court erred in denying his motion in limine to prohibit evidence of a catheter found in his home. As Goldey notes, neither the catheter nor any photograph of it were introduced into evidence. Rather, the only reference to it was in a handwritten list found in Goldey's home. The list included the following items: candy-chocolate, undies, mini-condom, regular condom, catheter usage, photos, video and book on hymen.

Goldey argues that the reference to a catheter was irrelevant to the charges for which he was on trial because it was a medical item used for urinating. Even if we assume that the word "catheter" should have been redacted from what Goldey apparently concedes was an otherwise relevant list, the trial court's failure to do so was harmless and it is highly probable that it did not contribute to the judgment given the overwhelming evidence of Goldey's guilt, including the testimony of the victim and outcry witnesses, corroborative evidence

---

[1] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

such as the videotape and underwear described by the victim, and numerous handwritten notes.[2]

2. Goldey claims that his trial counsel was ineffective with regard to various evidentiary and jury instruction matters. "To prove an ineffective assistance of counsel claim, a defendant must show that trial counsel performed deficiently and that the result of the trial would have been different but for the deficiency."[3] Goldey has not made both of these required showings.

(a) Goldey contends his trial counsel was ineffective in failing to object to testimony from two prosecution witnesses which improperly bolstered the victim's credibility. One of the witnesses was a police detective who testified that both a videotape showing a woman performing oral sex on a man and a Winnie the Pooh bra and panty set were found in Goldey's home and were consistent with items mentioned by the victim. Contrary to Goldey's contention, this testimony is not improper bolstering of the victim's credibility, but is proper evidence which merely corroborates the victim's version of events.[4] "Improper bolstering refers to character evidence intended to show a witness' veracity, that is, his tendency to tell the truth."[5] Because the detective's testimony was not improper bolstering, Goldey's attorney was not ineffective in failing to raise such an objection to it.[6]

The other witness in question was the victim's mother, who testified that the victim is trustworthy and that she felt what the victim had told her sister about Goldey was credible. Unlike the detective's testimony, this was testimony to which Goldey's attorney could have raised a viable improper bolstering objection. However, the attorney explained that as to the mother's testimony he did not want to object too much because he did not want to overemphasize the testimony and because jurors might think the defense was trying to hide something. "Decisions as to whether to interpose certain objections fall within the realm of trial tactics and strategy and usually provide no basis for reversal of a conviction."[7] Goldey's counsel's

---

[2] See *Clark v. State*, 280 Ga. 899, 900 (2) (635 SE2d 116) (2006) (erroneous introduction of evidence is harmless where evidence supporting conviction is overwhelming and it is highly probable the error did not contribute to the judgment).

[3] (Citations and punctuation omitted.) *Campbell v. State*, 282 Ga. App. 854, 856 (4) (640 SE2d 358) (2006).

[4] See *Freeman v. State*, 253 Ga. App. 597, 599 (2) (560 SE2d 77) (2002).

[5] (Citation, punctuation and emphasis omitted.) *McClain v. State*, 226 Ga. App. 714, 718 (3) (487 SE2d 471) (1997).

[6] See *Freeman*, supra at 599-600.

[7] (Citation omitted.) *Smith v. State*, 261 Ga. App. 871, 877 (5) (a) (583 SE2d 914) (2003).

decision not to object as part of a trial strategy of not magnifying the importance of certain testimony was not ineffective assistance.[8]

(b) Goldey claims his trial attorney was ineffective in failing to object that his character had been improperly placed in issue by the mother's testimony that she understood from the police that a condition of Goldey's bond was that he could not have any contact with her family. First, we note that evidence that an accused has been confined in jail in connection with the case at issue does not place his character in evidence.[9] Accordingly, it follows that evidence that an accused has been released from jail on bond in the case at issue would not place his character in evidence.

Furthermore, Goldey has not shown how testimony that a condition of his bond was that he have no contact with the victim's family placed his character in issue. As his trial counsel testified, he did not think such testimony had much impact because he presumed that the jury would expect Goldey to be kept away from the child prior to the trial. And even if the testimony did incidentally place Goldey's character in evidence, it was not necessarily inadmissible since it was at least arguably relevant to explain the lack of recent contact between the victim and Goldey.[10] Finally, even if we assume that Goldey's counsel was deficient in not objecting to the mother's comment, Goldey has failed to prove that there is a reasonable probability that but for counsel's failure to object the outcome of the trial would have been different.[11]

(c) Goldey argues that his trial counsel was ineffective in failing to provide the court with medical evidence to support his motion to exclude evidence of the catheter. As previously noted, the only evidence of the catheter was its inclusion on a handwritten list of items. "A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[12] Given the overwhelming evidence supporting the conviction, Goldey has failed to show by the record how counsel's alleged deficiency concerning a single item on a handwritten list prejudiced his defense to the extent that it affected the outcome of his trial.

---

[8] See *Mency v. State*, 228 Ga. App. 640, 645-646 (2) (d) (492 SE2d 692) (1997).

[9] *Green v. State*, 219 Ga. App. 878, 880 (3) (467 SE2d 203) (1996).

[10] See *Davenport v. State*, 278 Ga. App. 16, 24 (628 SE2d 120) (2006) (evidence of conditions of probation is admissible when relevant to an issue in the case, even if they incidentally put the defendant's character in issue), overruled in part on other grounds, *Schofield v. Holsey*, 281 Ga. 809 (642 SE2d 56) (2007).

[11] See *Sartin v. State*, 223 Ga. App. 759, 760-761 (2) (479 SE2d 354) (1996).

[12] (Citation and punctuation omitted.) *Mency*, supra at 645 (2) (c).

(d) Goldey complains that his trial counsel was ineffective in failing to object to a jury instruction that under Georgia law there is no requirement that the testimony of a child molestation victim be corroborated. But such a jury charge has previously been approved in cases where it was accompanied by instructions regarding the burden of proof.[13] Here, the court gave multiple instructions on the state's burden to prove guilt beyond a reasonable doubt, as well as instructions that the burden never shifts to the defendant and that the state must also disprove any defense raised by the evidence beyond a reasonable doubt. Since the jury charge at issue was a correct statement of the law, the failure to object to it does not demonstrate ineffective assistance of counsel.[14]

(e) Goldey contends that his trial counsel was ineffective in failing to object when the state's attorney, during closing argument, made reference to John Wayne Gacy while addressing the character defense raised by Goldey. Pretermitting the issue of whether or not such an argument was improper,[15] Goldey's counsel was not deficient in failing to object to it. Counsel testified that he made the strategic decision not to object to the argument because the jurors laughed at it. Given the jury's reaction, he thought the argument was not effective and was a mistake for the state. Because the attorney's decision not to object to the state's closing argument was a matter of trial strategy, it does not support Goldey's claim of ineffective assistance of counsel.[16]

(f) Goldey claims counsel was ineffective in failing to object to the jury charge on exhibiting pornography to a minor. The court charged the jury on the elements of the crime as alleged in the indictment, which tracked the language of the applicable Code section, OCGA § 16-12-103. As Goldey notes, the trial court cited that Code section in its charge, but it did not actually read the Code section to the jury. While the court should have read the applicable Code section to the jury, even if we assume that counsel was deficient in failing to object to the absence of such an instruction and that such a failure was not a trial tactic, Goldey still has not established prejudice.

If counsel had brought the absence of a separate charge on the language of the Code section to the trial court's attention, the court could have simply remedied the situation by reading that Code section to the jury. Given that the proper Code section was cited in the

[13] *Horne v. State*, 262 Ga. App. 604, 606-607 (2) (a) (586 SE2d 13) (2003); *Jones v. State*, 240 Ga. App. 484, 486-487 (3) (523 SE2d 73) (1999); *Mency*, supra at 648-649 (3).

[14] See *McCurty v. State*, 234 Ga. App. 232, 234-235 (4) (506 SE2d 418) (1998).

[15] See *Hudson v. State*, 273 Ga. 124, 127-128 (5) (538 SE2d 751) (2000) (permissible for state to use well-known criminal cases in closing argument to illustrate a legal principle).

[16] See *Kania v. State*, 280 Ga. App. 356, 362 (5) (c) (634 SE2d 146) (2006).

jury charge, that the indictment tracks its language so the jury was informed of the elements of the crime, that the court properly instructed the jury that all elements of the crime as alleged in the indictment must be proved beyond a reasonable doubt, and that there is overwhelming evidence that Goldey is guilty of exhibiting pornography to the minor victim, we find that it is highly probable that the absence of an objection to the charge did not contribute to the jury's verdict.[17]

(g) Goldey complains that trial counsel was ineffective in failing to request a grave suspicion charge, instructing the jury that facts and circumstances that merely place upon the defendant a grave suspicion of the crime charged are not sufficient to authorize a conviction of the defendant. Counsel testified that he does not care for such a charge and believes that it weakens the reasonable doubt standard. "Decisions as to which charges will be requested and when they will be requested fall within the realm of trial tactics and strategy, and provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them."[18] Here, the tactical decision not to request a grave suspicion charge was reasonable and provides no basis for a reversal of Goldey's conviction. Moreover, Goldey has once again failed to show that the outcome of the trial was affected by counsel's tactical decision.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 16, 2008.

*Hogue & Hogue, Laura D. Hogue, Buford & Buford, Floyd M. Buford, Jr.*, for appellant.

*Howard Z. Simms, District Attorney, Nancy S. Malcor, Dorothy V. Hull, Assistant District Attorneys*, for appellee.

---

[17] See *Key v. State*, 226 Ga. App. 240, 243 (2) (485 SE2d 804) (1997).

[18] (Citation and punctuation omitted.) *Jackson v. State*, 278 Ga. 235, 239 (5) (a) (599 SE2d 129) (2004).