A07A2127. HILL v. THE STATE.

(658 SE2d 863)

Ruffin, Judge.

Damien Hill was found guilty of two counts of armed robbery and two counts of possessing a firearm during the commission of a felony. In thirteen enumerations of error on appeal, Hill: challenges the sufficiency of the evidence for one count of armed robbery and one count of possessing a firearm during the commission of a felony; objects to the trial court's denial of his motion to suppress; objects to the denial of his motion for new trial on the basis of newly acquired evidence; objects to the failure to charge the jury as to alibi; and alleges that he received ineffective assistance of counsel. Finding no error, we affirm.

1. On appeal from a criminal conviction, we view the evidence in a light most favorable to the jury's verdict, and we neither weigh the evidence nor evaluate witness credibility.[1] We uphold the verdict "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[2] Viewed in this manner, the record shows that Hill drove Carter Wright and Patrick Noel to the Buckhead area of Atlanta in Hill's vehicle on June 8, 2005. Wright and Noel approached two men walking down the street; Noel pointed a gun at one of the men, Tim Mather, while Wright went through Mather's pockets and took his cellular telephone and wallet. Noel testified that the gun he used was given to him by Hill. Wright and Noel fled in the vehicle driven by Hill. The victims identified the perpetrators as two men, one wearing all black and the other wearing an orange basketball jersey, and the vehicle as a burgundy four door Chevrolet Blazer with a wildlife tag that was driven by a third man.

The next day, June 9, Hill, Wright, and Noel discussed that they "[were not] satisfied by what took place the first night" and decided to go to an apartment complex in Buckhead "where [they] could obtain some funds and be satisfied." Hill drove Wright and Noel to the apartment complex in his vehicle. In the complex's parking deck,

---

[1] See Forde v. State, 277 Ga. App. 410 (626 SE2d 606) (2006).

[2] (Punctuation omitted.) Id. at 411.

Wright and Noel approached Dennis Brady and a woman; Noel pointed a gun at them while Wright went through their pockets. Brady's cellular telephone, wallet, and watch were taken. One of the perpetrators was dressed all in black and wearing a black ski mask, while the other was wearing an orange jersey. Wright and Noel returned to Hill's vehicle and told him what had transpired because "[Hill] was anxious to hear what happened. He wanted to know how much money we got or how much he got out of doing what we did."

Brady contacted police immediately and they issued a "be on the lookout" for a burgundy Chevrolet Blazer or GMC Jimmy[3] with a wildlife tag with three male passengers. Approximately 25 minutes after Brady notified police, Hill's vehicle was stopped at a gas station in Buckhead with all three men inside. A handgun, a black ski mask, and Brady's driver's license, credit cards, and cellular telephone were inside the vehicle. Hill was driving the vehicle, which was a burgundy GMC Jimmy with a wildlife tag. Noel was wearing an orange jersey, and Wright was dressed entirely in black.

Mather, one of the victims in the June 8 robbery, drove by the gas station after police stopped Hill, Wright, and Noel. Mather, recognizing the vehicle, ran toward it, saying, " 'that's the people that robbed me last night.' " He recognized Wright and Noel because they were wearing the same clothes as when they robbed him, and he identified the vehicle as the one used by his assailants. Brady, the victim of the robbery earlier that evening, was brought to the scene; he identified Wright and Noel as the persons who had robbed him and Hill as wearing the same clothes as the getaway driver.

At trial, Wright and Noel testified that Hill was a knowing participant with them in both armed robberies as the driver of the vehicle. Hill testified that he was at home on the evening of June 8 and was not with Wright and Noel in Buckhead. He admitted that he drove Wright and Noel to Buckhead on the evening of June 9, but denied that they went to an apartment complex or committed a robbery. After the trial, Wright wrote a letter in which he recanted his trial testimony against Hill.

Hill argues that the evidence was insufficient to find him guilty of the June 8 armed robbery and firearm possession charges because the only evidence linking him to the crimes was the testimony of his two co-defendants. While a defendant may not be convicted on the uncorroborated testimony of an accomplice to the crime, " '[s]light evidence from an extraneous source identifying the accused as a

---

[3] Exemplar photographs of both vehicles were entered into evidence and testimony was given that they are "essentially the same car," and "it is common for people to get those two vehicles confused with each other."

participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict.' "[4] Corroborating evidence may be circumstantial, and the sufficiency of the corroborating evidence is for the jury to determine.[5]

Initially, we note that "[t]he testimony of one accomplice may be used to corroborate that of another."[6] Both Wright and Noel testified as to Hill's participation in the events of June 8, which was sufficient evidence to find Hill guilty of the crimes with which he was charged.[7] Moreover, there was additional evidence corroborating the accomplices' testimony. The victims confirmed that they had been robbed and testified that the gun used and the getaway vehicle were similar to Hill's gun and vehicle, and that the vehicle was driven by a third man. This evidence was sufficient to corroborate the accomplice testimony and allow a rational trier of fact to find Hill guilty of the crimes charged.[8]

2. Hill argues that the trial court erred in failing to give a jury instruction on the defense of alibi. Hill did not request an instruction on alibi, and it is generally not error for a trial court to fail to charge on alibi if there has been no request, even if alibi is the sole defense.[9] This is so because alibi is not an affirmative defense;

> since the true effect of an alibi defense is to traverse the [S]tate's proof that the defendant committed the crime, the charge that the burden is on the state to prove that the defendant committed the crime beyond a reasonable doubt itself necessarily covers the question of whether the evidence of alibi was sufficient to create a reasonable doubt.[10]

In this case, the trial court fully charged the jury on the burden of proof, reasonable doubt, and the presumption of innocence. While Hill testified that he was never in Buckhead on the evening of June 8, "[t]he absence of a charge on alibi did not change the fact that no juror who believed [Hill's] testimony could find that the [S]tate had

---

[4] *Williams v. State*, 280 Ga. 584, 586 (1) (630 SE2d 370) (2006).

[5] See *Bearden v. State*, 275 Ga. App. 378, 379 (620 SE2d 613) (2005).

[6] *Williams*, supra.

[7] See id.

[8] See *Bearden*, supra at 380-381 (3); *Ziegler v. State*, 270 Ga. App. 787, 789 (1) (608 SE2d 230) (2004).

[9] See *Matthews v. State*, 285 Ga. App. 859, 862 (2) (648 SE2d 160) (2007).

[10] (Punctuation omitted.) Id.

carried its burden of proof."[11] Accordingly, the trial court did not err in failing to charge the jury on alibi absent a request from Hill.[12]

3. Hill objects to the trial court's failure to grant his motion to suppress impermissibly suggestive witness identification. We will uphold a trial court's ruling on a motion to suppress if there is any evidence to support it, and we construe the evidence favorably to the trial court's findings.[13] Hill contends that Mather's "viewing [Hill] on the side of the road surrounded by police officers, with another man, who had 'dreads,' coupled with a police officer acknowledging 'we got em,' tainted [Mather's] identification of [Hill] as one of the guys that robbed him." But Mather never identified Hill; he only identified Wright and Noel as the men who had robbed him the previous night and identified Hill's vehicle as the getaway vehicle.[14] And Mather made the identification sua sponte, not as part of any lineup or showup orchestrated by the police.[15] Under these circumstances, we find no error in the trial court's denial of Hill's motion to suppress.[16]

4. Hill alleges that he is entitled to a new trial because, after he was found guilty, Wright wrote a letter in which he recanted his trial testimony that they were involved in the crimes. In general, a post-trial recantation of his trial testimony by the State's witness is not grounds for a new trial unless the witness has either been convicted of perjury or "there can be no doubt of any kind that the State's witness'[s] testimony in every material part is purest fabrication."[17] There is no evidence in the record that Wright was convicted of perjury, and in light of the substantially similar testimony of Noel, the other accomplice, as well as the ample circumstantial evidence of Hill's involvement, we cannot say that Wright's testimony was undoubtedly fabricated.[18] The trial court did not err in denying Hill's motion for a new trial on this basis.[19]

5. In his remaining enumerations of error, Hill alleges that the trial court erred in denying his motion for a new trial on the basis of

---

[11] *Rivers v. State*, 250 Ga. 288, 300 (8) (298 SE2d 10) (1982).

[12] See id.

[13] See *Underwood v. State*, 266 Ga. App. 119, 120 (596 SE2d 425) (2004).

[14] See, e.g., *In the Interest of B. M.*, 252 Ga. App. 716, 720 (2) (556 SE2d 883) (2001) (one does not have standing to assert that another's right to due process has been violated).

[15] See *Dunn v. State*, 262 Ga. App. 643, 645 (2) (586 SE2d 352) (2003) (where allegedly suggestive identification was not set up by police, but occurred through witness's personal observation, the defendant's due process rights were not violated and the issue is one of witness credibility).

[16] See *Callahan v. State*, 280 Ga. App. 323, 329 (2) (a) (634 SE2d 102) (2006) (there can be no error in failing to suppress allegedly suggestive identification when no harm is shown).

[17] (Punctuation omitted.) *Askew v. State*, 254 Ga. App. 137, 141 (5) (564 SE2d 720) (2002).

[18] See id.; *Sanders v. State*, 242 Ga. App. 743, 744 (2) (531 SE2d 170) (2000); *Johnson v. State*, 236 Ga. App. 764, 765 (1) (513 SE2d 291) (1999).

[19] See *Sanders*, supra.

ineffective assistance of counsel. In order to establish that he received ineffective assistance of counsel, Hill "must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense."[20] There is a "strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct," and we must affirm the trial court's decision on this issue unless it is clearly erroneous.[21]

(a) Hill contends that trial counsel was ineffective in failing to move to sever the trial of the crimes that occurred on June 8 and June 9. At the hearing on Hill's motion for a new trial, trial counsel testified that he conferred with other attorneys in his office and made a strategic decision not to file a motion to sever. "The failure to file a motion to sever does not require a finding of ineffective assistance since the decision whether to seek severance is a matter of trial tactics or strategy, and a decision amounting to reasonable trial strategy does not constitute deficient performance."[22] Moreover, the crimes are sufficiently similar that evidence of one offense would be admissible in the trial of the other offenses if they were tried separately.[23] Thus, a motion to sever likely would have been futile.[24] Trial counsel's strategic decision on this issue cannot support a claim of ineffective assistance of counsel.[25]

(b) Hill asserts that trial counsel was ineffective because he failed "to raise double jeopardy as a bar to [Hill] being punished for the same crime twice." Hill appears to be arguing that he should not have been sentenced for two counts of armed robbery or two counts of possessing a firearm during the commission of a felony because only one gun was entered into evidence at trial. We find this argument completely without merit.[26]

(c) Hill alleges that trial counsel should have objected to the sentences entered by the trial court on the two counts of possessing a firearm during the commission of a felony, because Hill's sentence for Count 3 (possessing a firearm) was to run consecutively to Counts 1 and 2 (armed robbery), and his sentence for Count 4 (possessing a firearm) was to run consecutively to Counts 1, 2, and 3. We find the sole case cited by Hill does not require a different sentence,[27] and

---

[20] *Young v. State*, 280 Ga. 65, 69 (11) (623 SE2d 491) (2005).

[21] (Punctuation omitted.) *Davis v. State*, 267 Ga. App. 245, 246 (1) (599 SE2d 237) (2004).

[22] (Citation omitted.) *Harris v. State*, 279 Ga. 522, 529 (6) (615 SE2d 532) (2005).

[23] See *Lee v. State*, 281 Ga. App. 479, 483-484 (3) (636 SE2d 547) (2006); *Berry v. State*, 274 Ga. App. 366, 371-372 (3) (a) (618 SE2d 72) (2005).

[24] See *Berry*, supra at 372.

[25] See *Smith v. State*, 269 Ga. App. 133, 142-143 (4) (d) (603 SE2d 445) (2004).

[26] See *Braithwaite v. State*, 275 Ga. 884, 888 (8) (572 SE2d 612) (2002).

[27] See *Busch v. State*, 271 Ga. 591 (523 SE2d 21) (1999).

conclude that Hill was properly sentenced.[28] Trial counsel's failure to object to the sentencing therefore cannot constitute ineffective assistance of counsel.[29]

(d) Hill next argues that trial counsel was ineffective because he did not move to suppress evidence obtained as a result of the stop of Hill's vehicle until after the jury had been selected and opening arguments concluded, and thus the motion was untimely. He contends that "had the motion to suppress been filed, it would have been granted or at the very least the denial of it would have preserved the issue for appeal." But the record reflects that, more than two weeks before trial, trial counsel did file a written motion to suppress all evidence obtained as a result of the stop of Hill's vehicle. The trial court heard evidence on the motion before the start of trial and denied it. As this enumeration is not supported by the record, it necessarily provides no basis for a claim of error.[30]

(e) Hill alleges that trial counsel was ineffective because he failed to request a jury charge on the lesser included offense of robbery or theft by taking. Hill argues that such a charge would have been appropriate because Hill himself did not brandish a gun. This argument betrays a fundamental misunderstanding of the basis for Hill's convictions for armed robbery. Hill could be convicted of armed robbery as a party to the crimes even though he himself was not the individual who actually pointed the gun at the victims and took their possessions.[31] And failure to ask for a charge on a lesser included offense can be a matter of trial strategy.[32] There was no testimony on this issue at the motion for new trial hearing; accordingly, Hill has "made no affirmative showing that the purported deficiencies in his trial counsel's representation were indicative of ineffectiveness and were not examples of a conscious and deliberate trial strategy," and his claim of ineffective assistance fails.[33]

(f) Hill contends that trial counsel should have made a hearsay objection to the testimony of a police officer as to what Mather, the victim of the June 8 robbery, told him about the incident. Because Mather, as well as other witnesses, testified at trial to the same

---

[28] See *Owens v. State*, 271 Ga. App. 365, 368-369 (3) (609 SE2d 670) (2005); *Braithwaite*, supra at 888-889 (9).

[29] See *McCoy v. State*, 285 Ga. App. 246, 249 (4) (b) (645 SE2d 728) (2007) ("[F]ailure to make a meritless argument does not constitute ineffective assistance of counsel.").

[30] See *Higgins v. State*, 251 Ga. App. 175, 178 (3) (554 SE2d 212) (2001).

[31] See *Cantrell v. State*, 230 Ga. App. 693, 695 (1) (498 SE2d 90) (1998) (driver of getaway car convicted of armed robbery).

[32] See *Tran v. State*, 289 Ga. App. 89, 90 (3) (656 SE2d 229) (2008).

[33] (Punctuation omitted.) Id.

events that the officer discussed, the admission of the officer's testimony was harmless.[34] "The erroneous admission of hearsay is harmless where, as here, legally admissible evidence of the same fact is introduced. In such a case, the hearsay is cumulative and without material effect on the verdict."[35] Without a showing of harm, Hill's claim of ineffective assistance of counsel on this basis fails.[36]

(g) Hill alleges that trial counsel was ineffective in failing to object to the testimony of a police officer that it is common for people to confuse the Chevrolet Blazer and the GMC Jimmy, because this testimony impermissibly bolstered the testimony of the two victims of the June 8 robbery. Hill's vehicle was a GMC Jimmy. At trial, one victim of the June 8 robbery testified that he told police the getaway vehicle was a Chevrolet Blazer, but he was unable to determine if it was a Blazer or a Jimmy because he saw the side and rear of the vehicle, and "[t]he only way to tell [the difference] is the grill." He later identified Hill's vehicle as the getaway vehicle. The other victim testified that he told police the getaway vehicle was "a burgundy or a red type of Jimmy, like a truck."

" 'Improper bolstering refers to character evidence intended to show a witness'[s] veracity, that is, his tendency to tell the truth.' "[37] It is not improper bolstering, however, for a witness to "express an opinion as to whether . . . objective evidence in the case is consistent with the victim's story."[38] Under these circumstances, where the police officer's testimony was not a commentary on the witnesses' veracity but rather evidence of an objective fact — that the exteriors of the Chevrolet Blazer and GMC Jimmy differ only in their badging — we do not find that this testimony impermissibly bolstered the credibility of the witnesses. "Because the [officer's] testimony was not improper bolstering, [Hill's] attorney was not ineffective in failing to raise such an objection to it."[39]

(h) Hill's next claim of ineffective assistance arises from trial counsel's failure to object during the State's closing argument to statements challenging Hill's veracity. There is, however, "wide leeway given to argue all reasonable inferences that may be drawn from the evidence during closing argument," and this leeway "encompasses pointing out inconsistencies in a defendant's testimony and

---

[34] See *Morris v. State*, 280 Ga. 179, 180 (3) (a) (626 SE2d 123) (2006).

[35] (Punctuation omitted.) Id.

[36] See *Dillard v. State*, 272 Ga. App. 523, 528 (6) (612 SE2d 804) (2005).

[37] *Goldey v. State*, 289 Ga. App. 198, 199 (2) (a) (656 SE2d 549) (2008).

[38] *Chauncey v. State*, 283 Ga. App. 217, 220 (3) (641 SE2d 229) (2007); see *Ross v. State*, 262 Ga. App. 323, 324-325 (1) (585 SE2d 666) (2003).

[39] *Goldey*, supra.

urging that, on that basis, the defendant lied."[40] While the State did describe Hill's testimony as "unbelievable" several times, it also told the jury "[y]ou are the judges of the credibility of the testimony of the witnesses" and stated "[Hill] wants you to believe" the testimony described as unbelievable. Taking the State's closing argument as a whole, the State argued that, based on the evidence and reasonable deductions therefrom, the jury should conclude that Hill was lying.[41] As such argument is permissible, trial counsel's failure to object to it cannot serve as the basis for an ineffective assistance claim in this instance.[42]

(i) Hill asserts that trial counsel was ineffective in failing to call Hill's fiancée as an alibi witness because she would have testified that Hill was with her at the time of the June 8 robbery. At the motion for new trial hearing, trial counsel explained that Hill first said that an unidentified woman with whom he had been on the telephone that night could provide an alibi. At that time, Hill told trial counsel that he had been alone in his apartment on June 8. Then, the week before trial, Hill's fiancée told trial counsel that she had been with Hill that night. Trial counsel did not present Hill's fiancée as an alibi witness because he "had concerns about perjured testimony at that point." The decision not to call an alibi witness who may perjure herself is a reasonable trial strategy, as well as an ethical obligation.[43] "As trial counsel is precluded from assisting his client in presenting perjured testimony, we reject [Hill's] claim that his attorney was ineffective on that basis."[44]

(j) Finally, Hill contends that trial counsel's failure to request a jury instruction on alibi constitutes ineffective assistance of counsel. Trial counsel testified at the motion for new trial hearing that he should have requested a charge on alibi. But in light of our holding in Division 2, we conclude that Hill cannot show a reasonable probability the giving of an alibi instruction would have changed the outcome of the trial, and this claim for ineffective assistance fails.[45]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

Decided March 7, 2008 — ■■■■■■■

*Benjamin A. Davis, Jr.,* for appellant.

---

[40] *Appling v. State*, 281 Ga. 590, 592-593 (5) (642 SE2d 37) (2007).

[41] See *Emberson v. State*, 271 Ga. App. 773, 776 (3) (611 SE2d 83) (2005).

[42] See *Harris v. State*, 283 Ga. App. 374, 384 (4) (d) (641 SE2d 619) (2007).

[43] See *Nelson v. State*, 242 Ga. App. 63, 66 (8) (528 SE2d 844) (2000).

[44] (Punctuation omitted.) *Grooms v. State*, 261 Ga. App. 549, 551 (3) (a) (583 SE2d 216) (2003).

[45] See *Springs v. Seese*, 274 Ga. 659, 661 (3) (558 SE2d 710) (2002).

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.