### A08A1322. ATWELL v. THE STATE.
(667 SE2d 442)

MIKELL, Judge.

Stevie Atwell was indicted for burglary and aggravated assault. A jury convicted him of aggravated assault, and the trial court sentenced him to twenty years, with ten to be served in confinement and the balance on probation. On appeal from the denial of his motion for new trial, Atwell contends that the evidence was insufficient to support his conviction and that he received ineffective assistance of counsel. We affirm.

Viewed in the light most favorable to support the jury's verdict, the record reflects that on the evening of February 12, 2005, Barbara Thomas was asleep in her bed when she heard a knock at the back door. She heard her granddaughter, Latoya Thomas, ask who was there, then she heard a "big boom" and Latoya started screaming. Thomas ran to the kitchen and recognized the man standing inside her house as Atwell. He pulled an open pocketknife out of his pocket and began waving it at Thomas while saying that someone had run into Thomas's house with something that belonged to him. Thomas

---

testified that she was afraid because Atwell "was looking wild and acting a little wild and I didn't . . . know what he might would do" and that she was concerned she might get injured. Latoya testified that Atwell was waving the knife around and pointing it at her grandmother but that he was "not really" close enough to cut her. While Latoya was calling the police, Atwell fled.

Atwell testified at trial that Thomas had invited him into her house and that he "never had [a] knife or pulled [a] knife on nobody." He claimed that he was walking up Thomas's street when he saw Latoya and her brother sitting on the porch of Thomas's house; that Latoya's brother took $15 from him and then disappeared into the house; that Thomas opened the back door and invited him into the house; that he did not break down the door; that Latoya's brother tried to sell him drugs; that Thomas and Latoya were trying to set him up to protect Latoya's brother, an alleged drug dealer; and, that Thomas's home was "a crack house."

1. Atwell contends that the evidence was insufficient to prove aggravated assault because the state did not demonstrate that he attempted to commit a violent injury or that Thomas had a reasonable apprehension of injury from assault by a deadly weapon. In support of this argument, Atwell points out that even though Thomas testified that she was afraid, Latoya testified that Atwell was not close enough to cut her grandmother, and both Thomas and Latoya testified that Atwell was just swinging the knife around and not swinging it directly at Thomas.

> A person commits the offense of aggravated assault when he uses a deadly weapon to commit an act which places another in reasonable apprehension of immediately receiving a violent injury. Whether a victim has been placed in reasonable apprehension of injury is a question of fact, which may be established by indirect or circumstantial evidence.[1]

The assailant's intent to injure is not an element of aggravated assault with a deadly weapon.[2] Here, the evidence showed that Atwell broke into Thomas's home while she was asleep in her bed and then pulled a knife on her in the kitchen and began waving it at her. Thomas testified that she was afraid because Atwell "was looking wild and acting a little wild and I didn't . . . know what he might would do" and that she was concerned she might get injured. Thomas also demonstrated for the jury how Atwell waved the knife

---

[1] *Dukes v. State*, 285 Ga. App. 172, 173 (1) (645 SE2d 664) (2007), citing *Jackson v. State*, 251 Ga. App. 578, 579 (1) (554 SE2d 768) (2001). See OCGA § 16-5-21.

[2] See *Bostic v. State*, 289 Ga. App. 195, 197 (656 SE2d 546) (2008).

at her. Under these circumstances, there was sufficient evidence for the jury to conclude that Thomas had a reasonable apprehension of receiving an immediate, violent injury.

2. Atwell contends that the trial court erred in denying his motion for new trial because he was denied effective assistance of counsel. He raises three alleged deficiencies in his trial counsel's performance: (1) that counsel failed to request a jury charge on the lesser included offense of reckless conduct; (2) that counsel failed to object to the admission of a 911 recording because it improperly bolstered Latoya's testimony; and (3) that counsel failed to request redaction of drug references in the 911 tape.

> To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies.[3]

"[T]here is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action ... might be considered sound trial strategy."[4] "We affirm a trial court's ruling on a claim of ineffective assistance of counsel unless that ruling is clearly erroneous."[5]

(a) Atwell contends that trial counsel was ineffective because he failed to request a jury charge on the lesser included offense of reckless conduct. As noted above, Atwell testified at trial and denied possessing or brandishing a knife. At the motion for new trial hearing, defense counsel testified that he "had thought about ... asking for the lesser included offenses" but that Atwell "was adamant ... that he had committed no crime ... [a]nd that ... it was basically our strategy of the all-or-nothing approach." Counsel further explained that "Atwell was adamant that he wasn't guilty of any crime and we didn't want to be in a situation where a jury could just — could fall back on a lesser charge that may not have been justified." As we have held, "trial counsel's decision not to request a jury instruction for a lesser included offense in order to pursue an 'all or nothing defense' can constitute a matter of trial strategy that does

---

[3] (Citation omitted.) *Biswas v. State*, 255 Ga. App. 339, 345-346 (6) (565 SE2d 531) (2002).

[4] (Footnote omitted.) *Head v. State*, 288 Ga. App. 205, 208 (2) (653 SE2d 540) (2007).

[5] (Footnote omitted.) *Tran v. State*, 289 Ga. App. 89, 91 (3) (656 SE2d 229) (2008).

not amount to ineffective assistance of counsel."[6] Such is the case here. Accordingly, the trial court did not err in rejecting this claim.

(b) Relying on *Woodard v. State*[7] and *Baugh v. State*,[8] Atwell next contends that trial counsel was ineffective for failing to object to the admission of a 911 recording because it improperly bolstered Latoya's testimony. During Latoya's testimony, the state introduced into evidence, and played for the jury, a tape of the 911 call Latoya made during the incident. Even though the tape was not included in the record on appeal, Latoya briefly testified about its contents and explained that she told the 911 dispatcher that the man was "Stevie Atwell"; that he had a blade; that he was talking about "dope"; and, that he had broken some dishes when he "busted" open the door.

Contrary to Atwell's contention, *Woodard* and *Baugh* are distinguishable simply because they involve hearsay evidence.[9] In *Woodard*, the state introduced the victim's prior consistent statements, including the tape of a DFCS interview, through the testimony of a sheriff's investigator on direct examination. The Supreme Court held that the statements were "hearsay evidence improperly admitted to bolster the witness's credibility in the eyes of the jury."[10] Here, the state introduced Latoya's prior consistent statement during her own testimony.

> [A] witness'[s] testimony as to what he (the witness) said is not hearsay. Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. In short, the hearsay rule prohibits the witness from testifying as to what another person said; it does not apply to what the witness himself said.[11]

Accordingly, the "*Woodard* rule" does not apply in this case.[12]

Further, we are constrained to find that the tape even consti-

---

[6] (Footnote omitted.) Id. See also *Hill v. State*, 290 Ga. App. 140, 145 (5) (e) (658 SE2d 863) (2008) ("failure to ask for a charge on a lesser included offense can be a matter of trial strategy") (footnote omitted).

[7] 269 Ga. 317 (496 SE2d 896) (1998).

[8] 276 Ga. 736 (585 SE2d 616) (2003).

[9] Id. at 738-739 (2); *Woodard*, supra at 317-318.

[10] *Woodard*, supra at 321 (2). See also *Baugh*, supra at 739 (2).

[11] (Citations omitted.) *Brown v. State*, 250 Ga. App. 147, 148 (1) (550 SE2d 701) (2001) (rejecting defendant's claim that trial court erred in allowing the state to question a witness about his prior consistent statement to the police).

[12] We note, however, that the state could have introduced the tape during another portion of the trial as part of the res gestae/excited utterance exception to the hearsay rule. See *Thompson v. State*, 291 Ga. App. 355, 358 (2) (662 SE2d 135) (2008), citing *Pitts v. State*, 280 Ga. 288, 291 (627 SE2d 17) (2006).

tuted improper bolstering. " 'Improper bolstering refers to character evidence intended to show a witness's veracity, that is, his tendency to tell the truth.' "[13] Since a copy of the tape was not included in the record on appeal, we can only assume that it recounted the events as testified to by Latoya at trial, and did not include any commentary on her veracity. Accordingly, at best the tape was cumulative evidence and did not improperly bolster Latoya's credibility. "Because the [tape] was not improper bolstering, [Atwell's] attorney was not ineffective in failing to raise such an objection to it."[14]

(c) Lastly, Atwell contends that trial counsel was ineffective for failing to request redaction of drug references in the 911 tape. The tape is not included in the record on appeal; however, according to Atwell and the state, when the 911 dispatcher asked Latoya why Atwell broke into the home, she responded, "talking about some drugs. I said ain't nobody here sell no drugs." Atwell claims that the reference was prejudicial because it suggested that he was involved with illegal drugs. Atwell can show neither deficiency nor prejudice because of trial counsel's failure to request redaction.

As discussed above, counsel's failure to request redaction was not deficient since the 911 tape was admissible. "That it incidentally placed his character in issue did not render it inadmissible."[15] Moreover, Atwell cannot demonstrate the prejudice necessary to establish ineffective assistance of counsel since he himself subsequently injected the issue of drugs into the case by testifying that Thomas's home was a crack house and that she set him up in order to protect her grandson, an alleged drug dealer. Trial counsel was not ineffective for failing to move to redact the challenged reference.[16]

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED SEPTEMBER 18, 2008.

*Franklin D. McCrea*, for appellant.

---

[13] (Punctuation and footnote omitted.) *Hill*, supra at 146 (5) (g). See also *Goldey v. State*, 289 Ga. App. 198, 199 (2) (a) (656 SE2d 549) (2008).

[14] (Footnote omitted.) *Hill*, supra.

[15] (Citations omitted.) *Stevenson v. State*, 234 Ga. App. 103, 105 (2) (506 SE2d 226) (1998).

[16] See *Winfrey v. State*, 286 Ga. App. 718, 724 (6) (a) (650 SE2d 262) (2007) (failure to make a meritless or futile motion does not provide a basis for finding ineffective assistance of counsel).

*Stephen D. Kelley, District Attorney, Jan Kennedy, Assistant District Attorney*, for appellee.