MELTON, Justice,
dissenting.
Although I concur in Case Nos. S14A1163, S14A1516, and S14A1533,1 must respectfully dissent in Case No. S14A1162 because I believe that the evidence was insufficient to support the verdict against Jaqwanta Grimes. Specifically, there was no evidence to corroborate co-defendant Lancelot Hicks’s testimony that Grimes participated in the shooting of Marcus Holloway.
Under former OCGA § 24-4-8, it is well settled that, in felony cases where the only witness is an accomplice, the testimony of that accomplice must be supported by at least one other witness or by corroborating circumstances.
The additional evidence that is required “may be circumstantial and it may be slight, and it need not of itself be *350 sufficient to warrant a conviction of the crime charged.” (Citations and punctuation omitted.) Johnson v. State, 288 Ga. 803, 805 (2) (708 SE2d 331) (2011); accord Williams v. State, 280 Ga. 584 (1) (630 SE2d 370) (2006); Selvidge v. State, 252 Ga. 243, 245 (313 SE2d 84) (1984). It must, however, be independent of the accomplice’s testimony and either directly connect the defendant with the crime or justify an inference that he is guilty. Johnson, [supra], 288 Ga. at 805; Williams, [supra,] 280 Ga. at 585-586. In addition, the independent evidence must corroborate both the identity of the defendant and the fact of his participation in the crime. See Kesler v. State, 249 Ga. 462 (2) (291 SE2d 497) (1982); Birt v. State, 236 Ga. 815 (225 SE2d 248) (1976). In other words, corroboration of only the chronology and details of the crimes is not sufficient, and there must be some independent evidence tending to show that the defendant himself was a participant in the crimes. West v. State, 232 Ga. 861 (2) (209 SE2d 195) (1974).
Crawford v. State, 294 Ga. 898, 900-901 (1) (757 SE2d 102) (2014).
In this case, the only evidence that Grimes participated in the shooting in question, as opposed to simply being present when it occurred, comes solely from Hicks, an accomplice. Hicks did testify that Grimes was one of the shooters at the scene, but nothing else in the record corroborates this statement that Grimes was a participating party. In finding otherwise, the majority recites three pieces of evidence, none of which actually shows participation. First, the majority lists the testimony of Kyree Brantley’s ex-girlfriend; however, that testimony merely places Grimes at the scene — nothing more. Second, the majority points to the fact that a ballistics expert opined that there were four or five shooters at the scene. This in no way corroborates Hicks’s testimony that Grimes was one of those shooters. Third, the majority relies on testimony that Grimes had the words “Ho Haters” tattooed on his body. Again, this does not show that Grimes participated in the shooting on the day in question; it shows a mere association with Charles Slaton, who has a similar tattoo. At best, the evidence relied upon by the majority supports the inference that somebody else was involved, but then makes the leap to conclude that the “somebody else” must be Grimes since he was present. This is not sufficient evidence of participation, which is required by law.
Therefore, a review of the record, including the evidence identified by the majority, shows that there is no corroborating evidence of Hicks’s testimony that Grimes participated in the shooting of Holloway. Accordingly, I dissent.
*351 Decided November 17, 2014
Reconsideration denied December 11, 2014.
Margaret E. Flynt, for appellant (case no. S14A1162).
Steven E. Phillips, for appellant (case no. S14A1163).
David D. Marshall, for appellant (case no. S14A1516).
Jeffrey W. Cofer, Gerald P. Privin, Jared S. Westbroek, for appellant (case no. S14A1533).
Robert D. James, Jr., District Attorney, Leonora Grant, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Andrew G. Sims, Assistant Attorney General, for appellee.