## A06A1870. JOHNSON v. THE STATE.
### (643 SE2d 556)

MILLER, Judge.

Following a jury trial, Carlton S. Johnson was convicted of two counts of aggravated child molestation and one count of attempted aggravated child molestation. Johnson appeals the trial court's denial of his motion for a new trial, alleging that: (1) the evidence was insufficient to sustain his convictions; (2) he received ineffective assistance of counsel; (3) the trial court failed to charge the jury as to all the elements of aggravated child molestation; (4) the trial court refused to give a "curative" charge requested by Johnson's counsel; and (5) he was impermissibly tried before a jury while wearing his prison clothes. Finding that Johnson received ineffective assistance of counsel, we reverse.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations, punctuation and footnotes omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). We determine only whether the evidence, so construed, was sufficient to support the verdict, and in doing so we neither weigh that evidence nor judge the credibility of the witnesses. Id.

The sole evidence against Johnson was the testimony of the two alleged victims, T. H.[1] and her brother, R. L.[2] Viewed in the light most favorable to the verdict, that evidence demonstrated that Johnson was the choir director at Good Shepherd Church, which both T. H. and R. L. attended. In March 2002, Johnson was in charge of running the audio-visual equipment at a women's conference being held at the church. T. H. assisted Johnson for part of the conference, and during that time Johnson asked T. H. if she would allow him to perform oral

---

[1] T. H. was 15 years old at the time of the alleged incident, and 16 at the time she testified.
[2] R. L. was 14 years old at the time of the alleged incidents, and 15 at the time he testified.

sex on her. Additionally, while at the conference Johnson performed oral sex on R. L. Several weeks later, Johnson performed oral sex on R. L. a second time.

1. Johnson asserts that the evidence against him, which consisted only of the testimony of the alleged victims, is insufficient to support his convictions. We disagree.

Evidence is sufficient to support a conviction if, when viewed in the light most favorable to the verdict, it would allow a rational trier of fact to find a defendant guilty of the charged offense beyond a reasonable doubt. *Morgan v. State*, 277 Ga. App. 670, 671-672 (1) (627 SE2d 413) (2006).

(a) An individual commits the offense of aggravated child molestation upon performing any immoral or indecent act involving sodomy to or with "any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a), (c). Here, R. L. testified that Johnson performed oral sex on him on two separate occasions. Although that testimony represented the only evidence against Johnson on these charges, it was sufficient to authorize the jury to find Johnson guilty of aggravated child molestation. *Spradlin v. State*, 262 Ga. App. 897, 898 (1) (587 SE2d 155) (2003) (testimony of the victim alone sufficient to support a conviction). Determining the credibility of the witnesses is entirely within the province of the jury and the jury obviously believed the testimony of R. L. Id.

(b) A person may be found guilty of attempted aggravated child molestation when, with the intent to commit that specific crime, "he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. "To constitute a substantial step, an act must be one that is done in [pursuit] of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere preparation." *Dennard v. State*, 243 Ga. App. 868, 871 (1) (a) (534 SE2d 182) (2000).

Johnson's conviction for attempted aggravated child molestation rested solely on the testimony of T. H., who stated that, while she was working in the church audio-visual room with Johnson, he asked her if she had a boyfriend. When T. H. indicated that she did, Johnson asked if T. H. allowed the boyfriend to perform oral sex on her. He then asked if she would allow a 20-year-old to perform oral sex on her. When T. H. rebuffed Johnson's advances, he told her that she "would regret it in the long run" if she did not allow him to perform oral sex on her.

Based on this testimony, the jury could have concluded that had T. H. consented to Johnson's request, he would have performed oral

sex on her, thereby committing aggravated child molestation. Consequently, the jury could have found that Johnson's asking T. H. about engaging in oral sex constituted a substantial step toward the commission of that crime.

2. Johnson claims that he received ineffective assistance of counsel, citing his attorney's lack of preparation for trial and failure to present a defense. We agree.

We note at the outset that the Constitution guarantees all defendants effective trial counsel, no matter what they stand accused of. Thus, we must evaluate an ineffective assistance claim without regard to the nature of the underlying offense. "To prevail on a claim of ineffective assistance of trial counsel, [a defendant] bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency." *Welbon v. State*, 278 Ga. 312, 313 (2) (602 SE2d 610) (2004). Prejudice is shown by demonstrating "that a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel." *Allen v. State*, 277 Ga. 502, 503 (3) (591 SE2d 784) (2004).

"There is a strong presumption that trial counsel provided effective representation, and we will not find ineffectiveness if trial counsel's strategy and trial tactics were reasonable at the time." (Citations omitted.) *Welbon*, supra, 278 Ga. at 313 (2). While we generally presume that trial counsel's decisions were "made in the exercise of reasonable professional judgment," *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985), we note that "reasonable professional judgment requires proper investigation. [Cit.]" *Turpin v. Helmeci*, 271 Ga. 224, 226 (518 SE2d 887) (1999). Thus, "[t]he right to reasonably effective counsel is violated when the omissions charged to trial counsel resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy." (Citation and punctuation omitted.) Id.

Trial was calendared for the week of January 6, 2003. On December 30, 2002, defense counsel was served with a "substantial" amount of discovery by the State. The notice of supplemental discovery included a statement that there existed tapes of "recent" interviews, and noted that counsel should call the District Attorney's office to arrange to review the same.

At a pretrial conference on January 2, 2003, trial counsel requested a continuance based on the "substantial" amount of discovery served by the State three days earlier. In response, the State made what counsel considered a "generous" offer of a plea. After discussing the plea offer with the parties, the trial court told "defense counsel to do the best he could to get ready for trial or have his client plea[d] guilty."

Counsel met with Johnson on either January 2 or 3 and encouraged him to take the plea, but Johnson refused. Thereafter, Johnson's counsel, who had both studied and taught psychology at the graduate level, and who had concluded that Johnson needed a psychological exam, prepared a motion requesting the same. Given that the State had agreed to the psychological evaluation, counsel felt that a continuance would be granted and the case would not go to trial in January. Counsel did not come to court on January 6 prepared to try the case. Instead, he came with the motion for a psychological evaluation and requested a continuance to allow for the same. The court denied both the motion and the request, and trial was scheduled for the next day. Counsel then prepared for trial by spending 1.9 hours reviewing documents and by spending approximately an hour talking with Johnson and his wife.[3] The trial proceeded as scheduled, Johnson was convicted by a jury, and subsequently filed a motion for a new trial.

With respect to Johnson's new trial motion, trial counsel gave inconsistent testimony as to whether he was prepared for trial. The hearing on the motion was held over two separate days, December 8 and December 20, 2003. On the first day, counsel testified unequivocally that he was not prepared for trial. Additionally, the following day trial counsel executed an affidavit in which he stated that he was unprepared for trial based on, inter alia, his inability: (1) to review the supplemental discovery; (2) to review the State's taped interviews with witnesses; and (3) to contact witnesses. Trial counsel further stated that he was unprepared because he had anticipated the court would grant a continuance, based upon his motion for a psychological evaluation of Johnson, and was left with only a day to prepare when the court denied the same.

Trial counsel contradicted himself on the second day of the new trial hearing when, in defending his conduct, he testified that he did not need more than two hours to prepare for trial. We note, however, that trial counsel's initial court testimony and his affidavit are supported by the reservations he expressed at the pretrial conference, the calendar call, and the morning of the trial, about his lack of preparation.

At trial, the defense called no witnesses nor presented any other evidence on Johnson's behalf. Johnson had given counsel a list of witnesses who could testify on his behalf, and provided his attorney with their phone numbers. The morning of the trial Johnson told the

---

[3] Counsel's time sheets indicate that he spent approximately 20 minutes talking to his client and approximately 40 minutes talking with a "witness," who, in light of counsel's testimony, we presume was Johnson's wife.

court that he would like to call witnesses on his behalf. Trial counsel, however, stated his belief that the potential witnesses were nothing more than character witnesses, and offering their testimony would have allowed the State to introduce evidence that Johnson had been fired from a previous job because of alleged inappropriate conduct with a student. Notably, trial counsel's belief as to what testimony these witnesses might offer was formulated without the attorney ever having contacted those witnesses. At the hearing on his motion for a new trial, Johnson gave the names of these individuals and testified that one or more of them could provide him with an alibi for the times one or more of the alleged crimes took place. Johnson's current lawyer offered to obtain affidavits from these individuals, but the trial court denied the new trial motion from the bench.

The only witnesses called by the State were the two victims and their mother and stepfather. Trial counsel had the opportunity to impeach T. H. with prior inconsistent statements she made to the police regarding the alleged incident, but failed to do so. Additionally, trial counsel was aware that, at the time of trial, the victims' family was seeking a financial settlement from Good Shepherd Church as a result of Johnson's alleged acts. He failed, however, to investigate the facts related to those negotiations, call a witness who could testify about the negotiations, or cross-examine any of the four State witnesses regarding the same.

The second incident of molestation on R. L. occurred in the church parking lot, and R. L. testified that there was a security guard present in the parking lot at that time. In conducting his cross-examination, defense counsel implied that there could have been as many as three security guards patrolling the lot during that time. Despite his knowledge of this fact, counsel's records reflect no effort on his part to identify or interview these potential witnesses.

The foregoing demonstrates that the deficiencies in trial counsel's representation of Johnson were not the result of strategic decisions or trial tactics. Rather, they resulted from trial counsel's failure to investigate what facts and evidence might be available to assist him in mounting a defense for his client and from his failure to prepare adequately for the trial. Trial counsel admitted as much, testifying that "I felt we were ready on [January 7] as best as possible *without doing any evidentiary or any type of investigation of the additional materials* [served by the State on December 30]."

In determining whether Johnson was prejudiced by his trial counsel's performance, we note that the State's case rested entirely on the testimony of the two victims. As the foregoing reflects, however, there were facts available that could have been used to impeach the credibility of these witnesses and to demonstrate that they had a financial motive for bringing charges against Johnson. Moreover, in

his affidavit submitted in support of Johnson's new trial motion, trial counsel stated that since trial he had reviewed the taped interviews noticed in the State's supplemental discovery responses — tapes which he had declined to review even after he learned that no continuance would be granted. Counsel testified that *"[u]pon review, the new evidence [on those tapes] would have proved to be exculpatory and beneficial to [Johnson] if additional time had been allowed to develop such."*

Under these circumstances, Johnson has shown that "a reasonable probability exists that the outcome of the case would have been different but for the deficient performance of counsel." *Allen v. State,* supra, 277 Ga. at 503 (3). See also *Schofield v. Gulley,* 279 Ga. 413, 416 (I) (A) (614 SE2d 740) (2005) (defendant's "burden is to show only a reasonable probability of a different outcome, not that a different outcome would have been certain or even more likely than not") (citation and punctuation omitted).

3. In light of our holding in Division 2, that Johnson is entitled to a new trial, we need not address his remaining enumerations of error.

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 13, 2007.

*Peter D. Johnson,* for appellant.
*Daniel J. Craig, District Attorney,* for appellee.