## A08A1119. KLAUSEN v. THE STATE.
(669 SE2d 460)

ADAMS, Judge.

Robert William Klausen appeals following his conviction on one count of child molestation. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed that on the evening of July 14, 2006, several people, including A. H., Klausen's six-year-old niece, gathered at Klausen's house in Morgan. Most of the adults, including Klausen, were drinking alcohol. At one point, Klausen's 20-year-old daughter, Heather, went into the living room of the house to search for the telephone. When she walked in, she saw A. H. sitting at one end of the sofa and Klausen sitting at the other end with his pants down, masturbating. Heather stated that when Klausen saw her, he looked "like he was mad at me; like he wanted to jump up and hit me, just the look on [ ]his face." Heather removed A. H. from the room, and Klausen's wife called police. Heather testified that she did not think that A. H. "really realized what was going on." After police were summoned, several members of Klausen's family held him down until police arrived. Heather described her father as intoxicated, and the police officer who responded to the scene described him as "commode-hugging drunk."

Klausen testified that he spent most of that evening in the living room and that "for the most part" he was watching cartoons on television. He said he "always watch[es] cartoons." He conceded that he was "pretty well drunk" by the time Heather came into the living room. He denied, however, that he was masturbating. Instead, he

said he was scratching himself because he had a "bad case of jock itch." Klausen said that he did not even know that A. H. was in the room, and that he would not have scratched himself if he knew she was there. He admitted, however, that A. H. sometimes came into the living room to watch cartoons with him and that she had come in there earlier in the evening. He did not think that A. H. saw him because she sat on the end of the sofa closest to the television and would have had to look back to see him.

1. Klausen first asserts that his conviction for child molestation cannot stand because the evidence showed that neither the alleged child victim nor he knew the other was present. He also argues that because the State failed to establish the offense of child molestation, the trial court erred in denying his motion for directed verdict.

Georgia law provides that "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). Klausen argues that the State failed to prove the requisite intent for child molestation because the evidence showed that he was unaware of A. H.'s presence. Klausen also contends that the State presented no evidence to show that A. H. was aware of his actions and thus failed to prove that any act was committed in her "presence" as required by the statute.

Although Klausen testified that he was unaware of A. H.'s presence, the jury was not required to accept Klausen's version of events as true, "but could assess his credibility and weigh his testimony against other evidence." (Citation omitted.) *Sewell v. State*, 283 Ga. 558, 559 (1) (662 SE2d 537) (2008). Thus, the jury could have inferred that Klausen had to be aware of A. H.'s presence from evidence that she sat on the same piece of furniture as Klausen and at the end closest to the television.

Moreover, this Court has previously found that "[a]lthough a strict construction of this statute requires that the perpetrator perform the immoral or indecent act in the child's presence, we are aware of no authority which requires the child to observe the entire act." (Footnote omitted.) *Arnold v. State*, 249 Ga. App. 156, 158 (1) (a) (545 SE2d 312) (2001). In *Arnold*, the defendant asked the victim if he could show her something, but when he began unbuckling his belt and unzipping his pants, the victim turned away, and did not turn back until she heard him zipping his pants back up. Id. at 156-157 (1) (a). This Court held that "[a]lthough the evidence showed that Arnold was unsuccessful in his attempt to coax [the victim] to look at his exposed penis, his conduct is rendered no less culpable by the victim's good judgment in turning her head away." (Footnote omitted.) Id. at 158 (1) (a). Similarly, the evidence sup-

ported a finding that Klausen was masturbating while the child was on the sofa with him, and his actions are no less culpable because the child may not have been fully aware of what was occurring. See generally *Grimsley v. State*, 233 Ga. App. 781, 784-785 (1) (505 SE2d 522) (1998) (child molestation upheld where defendant had sexual intercourse in a room where five children were playing video games). Cf. *United States v. Diaz-Ibarra*, 522 F3d 343, 351 (II) (C) (4th Cir. 2008) (for purposes of sentence enhancement under federal law, "we believe that 'a sexual abuser is guilty of "sexual abuse of a minor" even if he chooses very young victims, molests sleeping children, or otherwise conceals his lewd intent from the victims' ") (citation omitted).

> Furthermore, whether [Klausen's] intentions were innocent as he asserted to the officers, . . . or to arouse his own sexual desires as found by the jury, was peculiarly a question of fact for determination by the jury and even when a finding that the accused had the intent to commit the crime charged is supported by evidence which is exceedingly weak . . . the verdict will not be set aside on that ground. Intent, which is a mental attitude, is commonly detectable only inferentially, and the law accommodates this.

(Footnote omitted.) *Arnold v. State*, supra at 158 (1) (a). Here, the jury was entitled to infer from Klausen's actions in the child's presence that he acted with the intent to arouse or satisfy his own sexual desires. Accordingly, we find that the evidence was sufficient to support Klausen's conviction and the trial court did not err in denying his motion for directed verdict. Compare *Vines v. State*, 269 Ga. 438 (499 SE2d 630) (1998) (no child molestation where only contact between defendant and child victim was by telephone).

2. Klausen also contends that the trial judge erred by interrupting the defense counsel's closing argument. The record reflects the following exchange:

> DEFENSE COUNSEL: There should have to be some sort of connection between the act and the child and not just an in-the-presence-of standard where neither party even knows about it. It cannot be what we are here about. The law cannot intend, the Legislature does not intend that you would bring back a conviction —
> THE COURT: That is what he is charged with, an immoral and indecent act in the presence of.
> DEFENSE COUNSEL: Yes, sir, Judge.
> THE COURT: That is the law.

Klausen asserts that this interjection violated OCGA § 17-8-57 by expressing the court's opinion that he was guilty.

Under OCGA § 17-8-57, it is error for a judge to "express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused." And in addressing Klausen's argument, we must "consider whether the court violated OCGA § 17-8-57 and, if so, whether the violation constituted an obvious error or one that seriously affected the fairness, integrity, and public reputation of this judicial proceeding." (Citation and punctuation omitted.) *Martinez v. State*, 259 Ga. App. 402, 405 (4) (b) (577 SE2d 82) (2003).

We find that the trial judge's comment "was not an improper expression of [his] opinion of the case; rather, it was an accurate statement of the law." (Citations omitted.) *Hunt v. State*, 247 Ga. App. 464, 468 (5) (542 SE2d 591) (2001). The judge simply interjected to instruct the jury on the applicable law as charged in the indictment, but did not comment on the evidence or the guilt of the defendant. Moreover, the judge later charged the jury that "[b]y no ruling or comment which the Court has made during the progress of the trial of this case has the Court intended to express any opinion upon the facts of this case, upon the credibility of the witnesses, upon the evidence or upon the guilt or innocence of the accused."

We find, therefore, that the judge's comments did not violate OCGA § 17-8-57. *Hunt v. State*, supra.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 10, 2008 — 

*Richard Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.