**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 20, 2018**

# In the Court of Appeals of Georgia

A17A2064. JACKSON v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, Quanta Jackson was convicted of two counts of child molestation and one count of theft by taking. He challenges the sufficiency of the evidence as to one of the counts of child molestation, in which he was alleged to have masturbated in front of his 13-year-old stepson, J. B., but the evidence authorized the conviction. He also argues that his trial counsel was ineffective, but he has not shown that his counsel performed deficiently. So we affirm.

1. *Sufficiency of the evidence.*

On appeal, in considering a challenge to the sufficiency of the evidence,

we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine

only whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Carter v. State*, __ Ga. App. __ (805 SE2d 924) (Case No. A17A0860, decided Oct. 23, 2017) (citations and punctuation omitted).

So viewed, the evidence showed that on the morning of October 31, 2013, Jackson suggested to J. B. that the boy stay home from school. J. B.'s mother was not home at the time. After placing blankets over the windows of their apartment, Jackson showed J. B. a pornographic video of a man and a woman having sexual intercourse and told the boy that he was going to show him how to masturbate. Jackson then pulled out his penis and began stroking himself. He told J. B. to remove his shirt and begin masturbating, too. Jackson also pulled J. B.'s pants down, placed his hand over the boy's hand, and moved the boy's hand up and down on the boy's penis. J. B. was afraid and, after telling Jackson that he felt uncomfortable, he put his clothes on and left the apartment for school.

That afternoon, a visibly shaken J. B. told his mother what had happened with Jackson. J. B.'s mother called Jackson at his workplace, a hotel where Jackson worked as a front desk clerk. Jackson apologized repeatedly, stated that he did not

2

"mean to do it," offered to leave, and asked the boy's mother not to call the police. J. B.'s mother hung up on Jackson and called the boy's father, who went to confront Jackson at the hotel. When J. B.'s father arrived, Jackson had disappeared and money was missing from the hotel's two cash drawers and a cash box.

Later that evening, J. B. gave a forensic interview to a police officer, in which he described what Jackson had done. That night, J. B. also discussed with his father what had happened.

The jury found Jackson guilty of two counts of child molestation, for masturbating in front of J. B. and for taking J. B.'s hand and moving it up and down on the boy's penis. The jury also found him guilty of theft by taking of the money from the hotel. The trial court entered judgment on the verdict and denied Jackson's motion for new trial.

Jackson challenges the sufficiency of the evidence supporting his conviction of child molestation for masturbating in front of J. B., but we find no merit in this claim of error. A person commits the offense of child molestation, among other ways, by doing "any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person[.]" OCGA § 16-6-4 (a) (1). Evidence that a defendant masturbated

3

in a child's presence can support a child molestation conviction. See *Klausen v. State*, 294 Ga. App. 463, 464-465 (1) (669 SE2d 460) (2008).

Jackson argues that the evidence was insufficient because, at trial, J. B. testified that he closed his eyes when Jackson pulled out his penis. But it was not necessary for J. B. to actually see Jackson masturbate, so long as that act occurred in his presence. See *Klausen*, 294 Ga. App. at 464-465 (no authority "requires the child to observe the entire act" and a defendant's action of masturbating in the presence of a child is "no less culpable because the child may not have been fully aware of what was occurring") (citations and punctuation omitted). Although J. B. did not testify at trial that he saw Jackson masturbate — but instead testified that he closed his eyes — there was evidence from which the jury could infer that Jackson masturbated in the boy's presence. J. B. testified that, immediately before he closed his eyes, Jackson pulled his pants down, took out his penis, and told the boy that he would show him how to masturbate. And J. B. made an earlier statement that Jackson had masturbated: J. B.'s mother testified that the boy told her Jackson had "pulled out his private area and started stroking himself." To the extent J. B.'s trial testimony was inconsistent with that earlier statement, the jury was entitled to credit the boy's earlier statement. See *Little v. State*, 262 Ga. App. 377, 378 (a) (585 SE2d 677) (2003) (differences

4

between victim's earlier statement to police and his trial testimony "simply present[ed] a credibility determination for the trier of fact").

2. *Assistance of trial counsel.*

Jackson argues that he received ineffective assistance of trial counsel in two respects: because his trial counsel failed to object to evidence that Jackson contends improperly bolstered J. B.'s testimony and because his trial counsel advised Jackson not to testify at trial. To prevail on his claim, Jackson

> must show both that trial counsel's performance was deficient in that it fell below a reasonable standard of conduct and that it was prejudicial because there existed a reasonable probability that the outcome of the case would have been different had it not been for counsel's deficient performance. If [Jackson] fails to prove either prong of the two-part test, this relieves [us] of the need to address the other prong.

*Latta v. State*, 341 Ga. App. 696, 704-705 (5) (802 SE2d 264) (2017) (citation and punctuation omitted). In reviewing Jackson's claims of ineffective assistance, "we give deference to the trial court's factual findings and credibility determinations unless clearly erroneous, but we review [the] trial court's legal conclusions de novo." *Grant v. State*, 295 Ga. 126, 130 (5) (757 SE2d 831) (2014) (citation omitted). As

5

detailed below, Jackson has not shown that his trial counsel's performance was deficient.

(a) *Failure to object to bolstering evidence.*

Jackson argues that his trial counsel rendered ineffective assistance by failing to object to testimony from J. B.'s mother and father about the boy's statements to them about Jackson's actions, and by failing to object to the admission of a recording of J. B.'s forensic interview with police. Jackson argues that this evidence impermissibly bolstered J. B.'s trial testimony. But trial counsel did not perform deficiently in failing to object because the evidence was admissible under the Child Hearsay Statute, OCGA § 24-8-820.[1]

> The Child Hearsay Statute
>
> provides that, so long as certain conditions are met, a statement made by a child describing any act of sexual contact is admissible in evidence by the person to whom the statement was made. As such, the Child Hearsay Statute actually contemplates testimony from both the child and those

---

[1] The version of the Child Hearsay Statute set forth in OCGA § 24-8-820 applies in this case because the acts of child molestation occurred after July 1, 2013. *Walker v. State*, 342 Ga. App. 733, 734 (805 SE2d 262) (2017). For purposes of our analysis in this case, OCGA § 24-8-820 does not pertinently differ from the former version of this statute, former OCGA § 24-3-16.

witnessing the child's later reaction, even if the hearsay may be bolstering.

*Laster v. State*, 340 Ga. App. 96, 98-99 (1) (796 SE2d 484) (2017) (construing former OCGA § 24-3-16) (citations and punctuation omitted).

The outcry testimony and recorded forensic interview were admissible under the Child Hearsay Statute because the conditions required by that statute were met. Those conditions are: that J. B. was younger than 16 years old when he made the out-of-court statements; that his out-of-court statements described acts of sexual contact performed on him or in his presence by Jackson; that the state provided Jackson with notice prior to trial of its intention to use the out-of-court statements; that J. B. testified at trial; and that the persons to whom J. B. made the statements were subject to cross-examination. See OCGA § 24-8-820; *Latta*, 341 Ga. App. 703 (3) (trial court was authorized to admit out-of-court outcry statement that met statutory requirements of OCGA § 24-8-820); *Towry v. State*, 304 Ga. App. 139, 142 (1) (695 SE2d 683) (2010) (former OCGA § 24-3-16 authorized jury to consider victim's videotaped police interview as substantive evidence of child molestation).

Jackson cites our decision in *Pepe-Frazier v. State*, 331 Ga. App. 263 (770 SE2d 654) (2015), for his argument that evidence of J. B.'s prior statements was

7

inadmissible, but that decision is inapposite because it does not concern the application of the Child Hearsay Statute. As detailed above, the Child Hearsay Statute permitted evidence of J. B.'s outcry statements and forensic interview to be admitted even though it was bolstering, so any objection on the ground that the evidence was bolstering would have been without merit. Jackson "cannot show his counsel was ineffective for failing to make objections that lacked merit." *Grimes v. State*, 296 Ga. 337, 347 (2) (d) (766 SE2d 72) (2014) (citation omitted).

(b) *Advice not to testify.*

Jackson argues his trial counsel was ineffective in advising him not to testify. A defendant's "decision whether or not to testify is a tactical one, made by [the] defendant with the advice of counsel." *King v. State*, 279 Ga. App. 302, 303 (1) (630 SE2d 905) (2006). "Such advice is trial strategy and generally not subject to challenge for ineffectiveness." Id. Decisions regarding trial strategy "may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course." *Reed v. State*, 294 Ga. 877, 882 (7) (757 SE2d 84) (2014) (citation omitted).

At the hearing on Jackson's motion for new trial, his trial counsel testified that he advised Jackson not to testify because he did not want to give the state the ability

to introduce, as impeachment evidence, an inculpatory custodial statement that Jackson had made to police. Earlier, the trial court had ruled to suppress the custodial statement. Because Jackson's trial testimony could have subjected him to the possible negative consequence of opening the door to this otherwise-inadmissible statement, his trial counsel's advice not to testify was not unreasonable. See *Felder v. State*, 286 Ga. App. 271, 278-279 (5) (c) (648 SE2d 753) (2007) (trial counsel's advice to defendant not to testify was not unreasonable, where "testifying could be a 'double-edged sword,' . . . [the defendant] might be vulnerable to cross-examination, and . . . there could be possible consequences to testifying"). Consequently, Jackson has not shown that his trial counsel was ineffective for giving him that advice. See *Smith v. State*, 328 Ga. App. 863, 867-868 (2) (b) (763 SE2d 251) (2014).

*Judgment affirmed. Branch and Bethel, JJ., concur*.