**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 23, 2021**

# In the Court of Appeals of Georgia

A21A0130. GONZALEZ v. THE STATE.

MERCIER, Judge.

Following a jury trial, Matthew Demetrius Gonzalez was convicted of two counts of child molestation and one count of criminal attempt to commit a felony (child molestation). Gonzalez appeals, challenging the trial court's denial of his motion for directed verdict. He also claims that he received ineffective assistance of counsel at trial. Finding no basis for reversal, we affirm.

1. Gonzalez argues that the evidence was insufficient to support a finding of guilt, entitling him to a directed verdict on all counts. In addressing this claim, we construe the evidence in the light most favorable to the verdict, and Gonzalez no longer enjoys a presumption of innocence. See *Garner v. State*, 346 Ga. App. 351, 353 (1) (816 SE2d 368) (2018). We do not weigh the evidence or resolve issues of

witness credibility, but merely determine whether the evidence was sufficient for the jury to find Gonzalez guilty beyond a reasonable doubt. See id. at 353-354 (1); *Hargrove v. State*, 289 Ga. App. 363 (657 SE2d 282) (2008) ("The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction." (citation and punctuation omitted)).

So viewed, the evidence shows that on July 17, 2014, employees monitoring security cameras at a Bartow County Walmart called the police after observing Gonzalez's conduct with respect to C. W., a 15-year-old girl who was shopping in the exercise equipment area of the store. Video taken by the cameras, which was published to the jury, appeared to show Gonzalez within a few yards of C. W., staring at her as he manipulated his genital area through his clothing while visibly aroused. The responding officer confronted Gonzalez after watching the video. When the officer stated that he was investigating an act of public indecency, Gonzalez replied that "he was just adjusting himself."

C. W. testified that she was at Walmart with her grandmother when she noticed a man near them in the exercise equipment department. She did not know the man and tried to avoid him by leaving that area of the store, but she continued to see him in

other areas. C. W. testified that she did not want to make eye contact with the man or draw her grandmother's attention to him because she "didn't want to scare her [grandmother]."

One year later, on July 18, 2015, a group of girls swimming at a city park pool in Bartow County saw Gonzalez near them in the deep end. Fourteen-year old J. P. told the group that Gonzalez made her very uncomfortable, and she testified that he touched her on her buttocks. J. P. also saw Gonzalez reach toward the "front area" of H. P., her 11-year-old sister. J. P. identified the "front area" on an anatomical drawing as H. P.'s genital and upper thigh regions. J. P. reported the incident to her older sister, who had noticed Gonzalez near their group in the pool, and her mother, who informed pool management. Park attendants called the police as Gonzalez hurried to his car in the parking lot. He was stopped by responding officers shortly after he exited the area at a high rate of speed.

The jury found Gonzalez guilty of committing child molestation by touching J. P.'s buttocks (Count 1), criminal attempt to commit child molestation by reaching toward H. P.'s genital area (Count 2), criminal attempt to commit child molestation by reaching toward H. P.'s thigh area (Count 3), and child molestation by fondling his genitals in the presence of C. W. (Count 4). The trial court merged Count 3 into

3

Count 2 and sentenced him on Counts 1, 2, and 4. This appeal followed the denial of his motion for new trial.

(a) Gonzalez first challenges the evidence supporting his conviction for child molestation under Count 1 of the indictment, which alleged that he committed an "immoral and indecent act to [J. P.], a child under the age of 16 years, with the intent to arouse [his] sexual desires . . . , by touching [J. P.] on her buttocks[.]" Specifically, he complains that J. P. provided the only evidence regarding a touching that, in his view, was at most a sexual battery. But the testimony of a child molestation victim alone is sufficient to sustain a conviction. See *Smith v. State*, 320 Ga. App. 408, 410 (1) (a) (740 SE2d 174) (2013) ("The testimony of one witness is generally sufficient to establish a fact." (citation and punctuation omitted)). And although Gonzalez's conduct *could* constitute sexual battery,[1] the jury was authorized to find that it rose to the level of child molestation.

A person commits child molestation when he "[d]oes any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent

[1] Sexual battery occurs when a person "intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b); see also OCGA § 16-6-22.1 (a) ("For the purposes of this Code section, the term 'intimate parts' means the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female.").

4

to arouse or satisfy the sexual desires of either the child or the person[.]" OCGA § 16-6-4 (a) (1). The evidence shows that Gonzalez was the only adult male in the deep end of the pool, where 14-year-old J. P. and the other girls were swimming. He moved close to the girls, making J. P. feel uncomfortable, and touched her on the buttocks. The jury also received evidence that one year earlier, Gonzalez was observed masturbating while staring at a 15-year-old girl in Walmart.

Given these circumstances, the jury was authorized to conclude that Gonzalez not only touched J. P.'s buttocks, but that the conduct was an immoral or indecent act performed with the intent to arouse his sexual desires. See *Klausen v. State*, 294 Ga. App. 463, 465 (1) (669 SE2d 460) (2008) (whether the defendant's intention was innocent "or to arouse his own sexual desires . . . was peculiarly a question of fact for determination by the jury" (citation and punctuation omitted)); *Slack v. State*, 265 Ga. App. 306, 307 (1) (593 SE2d 664) (2004) ("[W]hether a particular act is 'immoral or indecent' is a jury question that may be determined in conjunction with the intent that drives the act."); *Cornelius v. State*, 213 Ga. App. 766, 768 (1) (445 SE2d 800) (1994) (in child molestation cases, the jury must determine whether an act was immoral or indecent and if it was committed with the requisite criminal intent). Accordingly, because the evidence was sufficient to support Gonzalez's conviction

5

on Count 1, the trial court properly denied his motion for directed verdict on this charge. See *Klausen*, supra, 294 Ga. App. at 465 (1).

(b) Gonzalez also argues that he was entitled to a directed verdict on Count 2, which alleged that he attempted to commit child molestation by "reaching toward the genital area of [H. P.] . . . with the intent to arouse [his] sexual desires[.]"[2] Again, we disagree.

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. "To constitute a substantial step, an act must be one that is done in pursuit of the intent, and more or less directly tending to the commission of the crime." *Johnson v. State*, 284 Ga. App. 147, 148 (1) (b) (643 SE2d 556) (2007) (citation and punctuation omitted). Generally, such act "must be inexplicable as a lawful act, and must be more than mere preparation." Id. (citation and punctuation omitted). Whether an act qualifies as a "substantial step" toward commission of a crime is "a question of degree, and depends upon the circumstances

---

[2] As noted above, the jury found Gonzalez guilty of criminal attempt in Count 3, but the trial court merged Count 3 into Count 2. To the extent Gonzalez challenges the jury's verdict on Count 3, his challenge is moot. See *Eggleston v. State*, 309 Ga. 888, 890-891 (848 SE2d 853) (2020).

of each case." *Dennard v. State*, 243 Ga. App. 868, 872 (1) (a) (534 SE2d 182) (2000) (citation and punctuation omitted).

J. P. testified that she saw Gonzalez reach for the genital area of her 11-year old sister, H. P. Given that testimony, as well as evidence that Gonzalez was the only adult male close to the group of girls in the pool, that his presence made J. P. uncomfortable, that he touched J. P. on her buttocks, and that he had been masturbating while watching C. W. in Walmart the previous year, the jury was authorized to conclude that Gonzalez would have touched H. P.'s genitalia had he been able to reach her. Such circumstances support a finding that Gonzalez took a substantial step toward committing the crime of child molestation against H. P, as alleged in the indictment. See *Johnson*, supra, 284 Ga. App. at 148-149 (1) (b).

(c) Count 4 of the indictment alleged that Gonzalez committed child molestation by staring at C. W. while fondling his genital area in her presence, with the intent to satisfy his sexual desires. Challenging his conviction on this count, Gonzalez claims that C. W. never saw his genitals, which were covered by clothing, and that the evidence presented by the State was entirely circumstantial. He further argues that such evidence was insufficient to support his conviction because it did not exclude the possibility that he was merely "manipulating" an object such as a cell

7

phone in the front of his pants, scratching himself, or "addressing some other physical process which had nothing to do with sexual conduct[.]" See OCGA § 24-14-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.").

The State's evidence, however, was not *entirely* circumstantial. See *Hill v. State*, 297 Ga. 675, 678 (2) (b) (777 SE2d 460) (2015) (OCGA § 24-14-6 only applies when the State's case against the defendant is "wholly circumstantial"). The Walmart surveillance video constituted direct evidence that Gonzalez touched the clothing around his genital area in a manner consistent with masturbation while in close proximity to and watching C. W. See *McCray v. State*, 301 Ga. 241, 244 (1) (799 SE2d 206) (2017) ("Direct evidence is that which is consistent with either the proposed conclusion or its opposite; circumstantial evidence is that which is consistent with both the proposed conclusion and its opposite." (citation, punctuation, and emphasis omitted)).

Moreover, even if the video evidence was circumstantial, the jury was authorized to reject any innocent explanation of Gonzalez's conduct and conclude that he masturbated to a point of sexual arousal while watching and standing a few

yards from C. W. See *Hill*, supra, 297 Ga. at 678 (2) (b); see also *Smith v. State*, 307 Ga. 680, 684 (1) (b) (838 SE2d 321) (2020) ("Whether an alternative hypothesis . . . is 'reasonable' is a question committed principally to the jury[.]" (citation and punctuation omitted)). Although C. W. did not look at Gonzalez to see what he was doing, she was aware of his presence, tried to avoid him, and thought the incident would scare her grandmother. Given these circumstances, the evidence supports the jury's determination that Gonzalez committed child molestation as alleged in Count 4. See *Klausen*, supra, 294 Ga. App. at 465 (1) ("[T]he evidence supported a finding that [the defendant] was masturbating while the child was on the sofa with him, and his actions are no less culpable because the child may not have been fully aware of what was occurring."); compare *Prophitt v. State*, 336 Ga. App. 262, 268 (784 SE2d 103) (2016) (physical precedent only) (evidence insufficient to support child molestation conviction where "the defendant and the victim . . . were not in each other's immediate physical presence; the victim was unaware that the defendant was in a position where he could observe her; and the victim was unaware either that the defendant was observing her or that he was engaging in sexual conduct while doing so").

9

2. Finally, Gonzalez claims that he received ineffective assistance of counsel at trial. To prevail on this claim, Gonzalez "must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense." *Hill v. State*, 290 Ga. App. 140, 144 (5) (658 SE2d 863) (2008) (citation and punctuation omitted). There is a strong presumption that trial counsel's actions fell within the broad range of reasonable professional conduct, and we will not reverse the trial court's decision rejecting Gonzalez's ineffective assistance claim unless it is clearly erroneous. See id.

Gonzalez argues that trial counsel performed deficiently by failing to pursue a severance of Count 4 (involving the July 17, 2014 incident at Walmart) from Counts 1 through 3 (involving the July 18, 2015 incident at the pool). The record shows that trial counsel initially moved to sever the Walmart-related offense from the pool-based offenses. Shortly before trial began, however, counsel withdrew the motion.

Testifying at the hearing on Gonzalez's motion for new trial, trial counsel explained that he determined a severance would be inadvisable after the prosecutor informed him that the State would seek admission of the incidents as similar transactions if separate trials were held. According to trial counsel:

10

> It was my professional judgment that evidence of one of these would have been admissible in the trial of the other and we would have had to have won both cases anyway or overcome evidence of one in the trial of the other . . . . I thought it would be best to waive that motion or withdraw that motion and let them indict both transactions together.

In trial counsel's view, Gonzalez was more likely to win the "whole thing" in one trial, rather than two trials, because "[i]f you're going to catch lightening in a bottle, you've got better odds of doing it once than twice." Counsel thus decided that "the best way to do it would be to have both transactions with one jury."

Determining whether to seek a severance of offenses is generally "a matter of trial tactics or strategy." *Hill*, supra, 290 Ga. App. at 144 (5) (a) (citation and punctuation omitted). Trial counsel clearly made a strategic decision here. And in doing so, counsel correctly concluded that each incident likely would have been admissible in a severed trial as a similar transaction. When an accused is on trial for child molestation, "evidence of the accused's commission of another offense of child molestation shall be admissible and may be considered for its bearing on any matter to which it is relevant." OCGA § 24-4-414 (a). This statutory provision "create[s] a 'rule of inclusion,' with a strong presumption in favor of admissibility[,]" and "the State can seek to admit evidence under [the rule] for any relevant purpose, including

11

propensity."[3] *Dixon v. State*, 341 Ga. App. 255, 258 (1) (800 SE2d 11) (2017) (citation and punctuation omitted).

We find no basis for deeming trial counsel's tactical decision to withdraw the motion to sever unreasonable or deficient. See *Hill*, supra, 290 Ga. App. at 144 (5) (a) ("[A] decision amounting to reasonable trial strategy does not constitute deficient performance." (citation and punctuation omitted)). In fact, because the trial court would have been authorized to admit evidence of each transaction in the trial of the other had the offenses been tried separately, "a motion to sever likely would have been futile." Id.; see also *Algren v. State*, 330 Ga. App. 1, 4-5 (1) (764 SE2d 611) (2014) ("[W]hen the evidence of one offense can be admitted as similar-transaction evidence during the trial of the other offense, the decision of whether to sever the offenses for trial is within the discretion of the trial court." (citation and punctuation omitted)). Accordingly, Gonzalez has not demonstrated that he received ineffective assistance of counsel on this basis. See *Hill*, supra, 290 Ga. App. at 144 (5) (a).

*Judgment affirmed. Dillard, P. J., and Colvin, J., concur*.

---

[3] On appeal, Gonzalez argues that his conduct at Walmart on July 17, 2014, and at the swimming pool on July 18, 2015, did not constitute child molestation, rendering OCGA § 24-4-414 inapplicable. As discussed in Division 1, however, the evidence was sufficient to support a finding of child molestation with respect to both incidents.